**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RYAN M. HOWLETT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN P. IRWIN** | : | **NO. 10-465** |

**Goldberg, J.**                                                                                  **February 28, 2011**

## MEMORANDUM OPINION

This case involves a rear-end automobile accident occurring on the Walt Whitman Bridge. The complaint, originally filed in the Philadelphia Court of Common Pleas, alleges that Plaintiff sustained serious injuries which may require continuing medical treatment. (Compl. ¶¶ 9-15.) In the Motion to Remand currently before the Court, Plaintiff's Counsel reiterates that his client is "seriously and permanently injured." (Pl's. Mot. to Remand ¶ 4.)

For reasons set forth below, Plaintiff's Motion to Remand will be denied.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's complaint was filed in the Philadelphia Court of Common Pleas in November 2009. Thereafter, Defendant removed this case to this Court, invoking diversity jurisdiction. The case was designated for arbitration, and an arbitration award was entered on November 5, 2010. Thereafter, Plaintiff requested a trial de novo.

On January 5, 2011, following a discovery status telephone conference, the Court entered an Order directing counsel to contact United States Magistrate Judge L. Felipe Restrepo to schedule a settlement conference. Our Order also set forth a discovery schedule. See (Doc. No. 24.) Judge Restrepo held a settlement conference on February 7, 2011. There, Plaintiff's Counsel stressed that

his client's injuries were extremely serious and that settlement could only be effectuated with a payment of $135,000. Defendant rejected this demand.

Shortly thereafter, on February 15, 2011, Plaintiff filed the Motion to Remand currently before the Court. Plaintiff argues, for the first time, that the Defendant is unable to sustain his burden of proving that the amount in controversy exceeds the jurisdictional minimum, $75,000. See 28 U.S.C. § 1332. In support of his motion, Plaintiff asserts that Defendant refuses to acknowledge his injuries are serious or have any value. Plaintiff also points to his settlement demand of $70,000 tendered by email on the same day his Motion to Remand was filed.

In raising these arguments, Plaintiff does not, however, mention that he previously demanded compensation well in excess of $75,000, including demands for $200,000 (as represented by Defense Counsel in his response to Plaintiff's Motion to Remand), and later for $135,000, (as indicated in the January 5, 2011 correspondence from Plaintiff's Counsel). Most recently, and as noted above, Plaintiff continued to demand $135,000 during the settlement conference with Judge Restrepo.

Plaintiff also ignores the allegations made in his complaint and repeated in his Motion to Remand, which describe "serious injuries," "serious impairment of bodily function," pain discomfort, trauma, anxiety; and/or mental anguish," "risk of future complications and/or injuries," "significant pain," a likelihood that he will be prevented from "engaging in his usual activities" and a demand for judgment against Defendant "in excess of Fifty Thousand ($50,000)[.]"

## II. LEGAL ANALYSIS

Federal courts are of limited jurisdiction, and may only decide cases consistent with the authority afforded to them by the Constitution or statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). Under 28 U.S.C. § 1332, the district courts have original

jurisdiction over cases between citizens of different states, which involve an amount in controversy over $75,000. Thus, Defendant's removal of this case was appropriate provided these requirements are satisfied. See 28 U.S.C. § 1441.

In evaluating a jurisdictional challenge based upon the amount in controversy, the Court must first evaluate the basis for removal to determine if any jurisdictional facts are in dispute. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Where, as here, the defendant removed the case based upon facts alleged in plaintiff's complaint, there is no factual dispute and the analysis turns upon whether the amount in controversy is established to a "legal certainty."[1] See Zanger v. Bank of America, N.A., 2010 WL 3910142 at *3 (D.N.J. Oct. 1, 2010). Unless a plaintiff's complaint specifically avers that the amount he or she seeks is below the jurisdictional minimum, the case will be remanded only "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."[2] Id. at 194-95. Put another way, we must determine whether "from the face of the pleadings, it is apparent, to a legal certainty that the Plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover this amount[.]" St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283,

---

[1] See (Doc. No. 1) (reflecting that, in support of his notice of removal, Defendant asserted that "[b]ased upon the allegations in the Complaint, Defendant(s) reasonably believe that the amount in controversy is in excess of the jurisdictional limit of $75,000 and that jurisdiction is therefore based upon diversity of citizenship of the party plaintiff and the party defendant. These allegations include claims of herniated lumbar disc at L5-S1 and annular tear of the lumbar disc at L4-5, and other injuries and losses")

[2] Compare (Compl. ¶ 6) (reflecting that Plaintiff demanded "judgment in excess of Fifty Thousand ($50,000) dollars") with Shubert v. Manheim Auctions, Inc., 2010 WL 624175 at *4 (E.D.Pa. Feb. 18, 2010) (quoting Frederico, 507 F.3d at 195-96) (reflecting that an alternative standard applies where plaintiffs "expressly limit" their claim below the jurisdictional limit as a precise statement in their complaint)).

288-89 (1938).

Based upon Plaintiff's complaint and Defendant's notice of removal, we have no difficulty concluding that Plaintiff <u>could</u> recover $75,000. Plaintiff alleges that he suffered serious injury, including disc herniation, serious impairment to bodily function, and has suffered and may continue to suffer pain, discomfort, trauma, anxiety, and/or mental anguish, and has been prevented from engaging in his usual activities. Economic damages are also alleged. <u>See</u> (Compl. ¶¶ 9-15.) Considering these allegations, Defendant was certainly justified in seeking the jurisdiction of this Court and we find that the amount in controversy requirement is satisfied.

We also note that the Court's jurisdiction does not expand and contract based upon the changing demand amounts tendered by Plaintiff's Counsel. If it did, the Court's authority would depend upon the tactical decisions of the lawyers before it. <u>See</u> <u>Red Cab Co.</u>, 303 U.S. at 285 (holding that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached"). Here, Plaintiff's various settlement demands appear to be a moving target which change, based not upon Counsel's good faith assessment of the value of the case, but rather upon attempted jurisdictional gamesmanship.

**III.** **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion is denied. Our Order follows.